IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 16-mc-80001 |
| | ) | Petty Offense Ticket No. 5072752 |
| v. | ) | |
| | ) | Jeffrey T. Gilbert |
| KARTHIK GANGASANI | ) | Magistrate Judge |

**MEMORANDUM OPINION AND ORDER**

Defendant Karthik Gangasani ("Defendant") was charged with assaulting a woman on an airplane flight from Phoenix, Arizona, to Chicago, Illinois, in March 2016 in violation of 18 U.S.C. § 113(a)(5), which criminalizes simple assault as a Class B misdemeanor when the offense is committed within the maritime or territorial jurisdiction of the United States. Simple assault committed on an aircraft within the special aircraft jurisdiction of the United States is prosecuted under Title 18 of the United States Code pursuant to 49 U.S.C. § 46506. The violation notice by which Defendant was charged informed him that he either could pay a fine of $525.00 or appear in court. [ECF No. 14.] Defendant initially paid the fine amount, but then, after consulting an attorney, learned that doing so amounted to a guilty plea that could have adverse consequences for him. [ECF No. 2, at 1.] Defendant moved to withdraw his guilty plea. [ECF No. 2.] The Court granted his motion over the Government's objection. [ECF No. 3.]

The Court held a bench trial on June 22, 2016. [ECF No. 6.] At the trial, the alleged victim, Sara Dunn, and her boyfriend, Christopher Demos, testified. After the Government rested, Defendant did not put on a case. Instead, Defendant moved to dismiss the charges, for a judgment of acquittal, and for a finding of not guilty. On September 14, 2016, after both parties filed post-trial briefs [ECF Nos. 4, 5, 7, 10], the Court ruled from the bench, denying all of Defendant's motions and finding Defendant guilty of the charge against him. [ECF No. 15.] This Memorandum Opinion and Order memorializes that oral bench ruling.

A.

As a threshold matter, Defendant argues that he cannot be charged through a violation notice for a Class B misdemeanor. He is mistaken.

Defendant is charged with simple assault under 18 U.S.C. § 113(a)(5). A violation of that statute carries a maximum term of imprisonment of six months, unless the victim is under the age of 16 which was not the case here. 18 U.S.C. § 113(a)(5). An offense for which the sentence is "six months or less but more than thirty days" is a Class B misdemeanor as classified by 18 U.S.C. § 3559(a)(7). A Class B misdemeanor is deemed a "petty offense" under 18 U.S.C. § 19. Federal Rule of Criminal Procedure 58(b)(1) says that the "trial of a petty offense may . . . proceed on a . . . violation notice." FED. R. CRIM. P. 58(b)(1). Therefore, the violation notice was a legally appropriate charging document in this case.[1]

### B.

Defendant also argues that the violation notice does not properly notify him of the charges he faced and that the statute under which he is charged is unconstitutionally vague. Neither argument has merit.

### 1.

A defendant charged with a misdemeanor is not entitled to the same procedural protections as a defendant charged with a felony. But a defendant charged with a misdemeanor still is entitled to be informed of the nature of the charge against him. *United States v. Kowallek*, 438 F. App'x 889, 890 (11th Cir. 2011); *United States v. Boyd*, 214 F.3d 1052, 1056-57 (9th Cir. 2000).

The violation notice in this case informs Defendant that he is charged with simple assault in violation of 18 U.S.C. § 113(a)(5). [ECF No. 14.] The date and time of the offense is stated

---

[1] Because Defendant was charged with a misdemeanor, the Government could have chosen to "proceed on an indictment, information, or complaint." FED. R. CRIM. P. 58(b)(1). It was not required to do so, however.

as "3/27/16" in the violation notice. *Id.* The attached probable cause statement describes the offense as having "occurred on March 28, 2016, while aboard American Airlines (AA) flight 415, outbound from Phoenix Sky Harbor International Airport ("PHX") to O'Hare International Airport ("ORD"), Chicago, Illinois." [ECF No. 14; ECF No. 14-1, at 1.] There is no dispute in this case that the referenced American Airlines flight was a "red-eye" flight that left Phoenix late at night on March 27 or early in the morning on March 28, 2016. The probable cause statement signed by an FBI Special Agent, which runs five pages, is attached to and incorporated into the violation notice. [ECF No. 14-1.] The probable cause statement repeats the charge and details the facts that underlie the charge against Defendant. *Id.* at 1-4. Courts uniformly seem to consider the matters set out in the attached probable cause statement when they construe the charges being made against a defendant in a violation notice. *See United States v. Francisco*, 413 F. App'x 216, 218-19 (11th Cir. 2011); *Aycock v. United States*, 2016 WL 1459079, at *1 (N.D. Ala. Apr. 14, 2016); *United States v. Christensen*, 2015 WL 920581, at *3 (D. Or. Mar. 3, 2015); *United States v. Rife*, 2010 WL 1948891, at *5 (E.D. Mich. May 13, 2010); *United States v. Nolder*, 2006 WL 1686513, at *3-4 (E.D. Cal. June 19, 2006); *United States v. Dubiel*, 367 F. Supp. 2d 822, 826-27 (D. Md. 2005).

Defendant acknowledges that, in determining whether a charging document sufficiently informs a defendant of the offense charged, courts use a common sense construction. [ECF No. 5, at 2] (citing *United States v. Drew*, 722 F.2d 551, 552-53 (9th Cir. 1983), *cert. denied*, 467 U.S. 1216 (1984); *United States v. Reed*, 21 F.2d 1059, 1061-62 (6th Cir. 1983)). The violation notice statement with the incorporated probable cause statement in this case adequately informs Defendant of the "who, what, where, when, why, and how" of the charges. That is a sufficient common sense explanation of the charges.

In addition, at Defendant's initial appearance, in answer to the Court's questions about the elements of the charge of simple assault, the Government went into detail as to what it intended to prove and why the proof would show Defendant violated the statute. The Government essentially said that the statute under which Defendant is charged requires proof of common law assault or battery, and that it intended to prove battery. Defendant and his attorney were present for that explanation. Neither questioned the Government's description or claimed to be confused about what charge Defendant was facing. Likewise, the Government provided a similar explanation in its opening statement during the bench trial in this case.

Defendant was adequately informed of the charge being made against him in the violation notice and the attached and incorporated probable cause statement. He was further informed of the charge by the Government at his initial appearance and before the introduction of any evidence.

2.

The statute under which Defendant is charged also is not unconstitutionally vague. The statute adequately, if minimally, provides notice of the prohibited conduct in keeping with a rough idea of fairness. This is the standard Defendant cites based on cases such as *Colten v. Kentucky*, 407 U.S. 104 (1972); *Rowan v. Post Office Dept.*, 397 U.S. 728 (1970); and *United States v. Barnett*, 587 F.2d 252 (5th Cir. 1979). And these are felony cases.

Also, in *Bouie v. City of Columbus*, the Supreme Court said that "a criminal statute must give fair warning of the conduct that it makes a crime." 378 U.S. 347, 350-51 (1964). The Court elaborated by quoting *United States v. Harriss* for the proposition that the "'[t]he constitutional requirement of definiteness is violated by a criminal statute that fails to give a

4

person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute.'" *Id.* at 351 (quoting *Harriss*, 347 U.S. 612, 617 (1954)).

Here, the statute informs Defendant that he is charged with simple assault. Those words have meaning in common parlance. As Judge Posner said in *United States v. Watts*, an assault is an intentional threatening gesture that need not result in physical contact, although the term sometimes is used to include a battery, as in the expression "assault and battery." 798 F.3d 650, 652 (7th Cir. 2015). Battery is "an intentional, unconsented to, injurious or otherwise offensive physical contact with the victim." *Id.* Judge Posner characterized battery as essentially being "a completed assault." *Id.*

In *Watts*, the court of appeals explained that the statute under which Defendant is charged in this case punishes both assault and battery. *Id.* "'The least touching of another's person willfully . . . is battery." *Id.* (quoting *United States v. Stewart*, 568 F.2d 501, 505 (6th Cir. 1978)). So, in labeling the offense as "simple assault," the statute effectively and fairly informs a defendant of the elements of the offense. In other words, an assault in common parlance is an intentional threatening gesture. This statute includes that conduct as well as a "completed assault," an unconsented to injurious or offensive touchingly, commonly referred to as battery.

The fact that the statute speaks generally does not make it unconstitutional. The Supreme Court in *Bouie* said that "at least gives a potential defendant some notice, by virtue of this very characteristic, . . . that [the statute] may be held to cover his contemplated conduct." 378 U.S. at 352. That in some sense is the case here. An assault has a generally understood meaning. The fact that this statute also covers a battery as a completed assault does not make it unconstitutionally vague. Again, a person of ordinary intelligence would not think the law

5

prohibits him from making an intentionally threatening gesture but that the completion of the threat by touching someone in an offensive or injurious way is not a crime.

Judge Posner characterized § 113(a)(5) as "badly drafted." *Watts*, 798 F.3d at 652. While the court of appeals did not expressly hold that the statute passed constitutional muster, that holding is implicit in *Watts*. The nature of Judge Posner's discussion of what the statute means or covers was such that if he thought the statute was unconstitutionally vague, he would have said so. It would have been a short distance for Judge Posner to travel from "badly drafted" to unconstitutionally vague, but he did not go there.

Further, a number of other courts have dealt with the same statute, and none found it to be unconstitutional. *See*, *e.g.*, *United States v. Lewellyn*, 481 F.3d 695, 697 (9th Cir. 2007), *cert. denied*, 552 U.S. 864; *United States v. Bayes*, 210 F.3d 64, 69 (1st Cir. 2000); *United States v. Whitefeather*, 275 F.3d 741, 742-43 (8th Cir. 2002); *United States v. Smith*, 812 F.2d 161, 163-64 (4th Cir. 1987).

The Court's own analysis leads it to the conclusion that the statute under which Defendant is charged here, 18 U.S.C. § 113(a)(5), is not unconstitutionally vague. In the words of the Supreme Court in *Bouie* and *Harriss*, it gives a person of ordinary intelligence fair notice of what conduct is forbidden. Moreover, the wrinkle that the statute includes both assault and battery does not make the statute unconstitutional. Someone of ordinary intelligence would not think that an assault—an intentionally threatening gesture—is proscribed but a completed assault that culminates in an unconsented to and offensive touching is legally permissible.

For all of these reasons, the Court does not find the statute to be unconstitutionally vague either on its face or as applied in this case.

C.

Defendant also argues that he must be acquitted as a matter of law because there is a variance between the date of the offense charged in the violation notice and the date of the offense proven in court. Defendant also makes the related argument that the purported variance is fatal because the date proven at trial—which Defendant says is March 31—is four days after the date stated in the charge—which Defendant says is March 27. Neither point is of any avail.

Both parties agree that the date is not an element of the offense charged. Under those circumstances, a variance claim is treated as a challenge to the sufficiency of the evidence, as Defendant argues in his response brief. [ECF No. 10, at 7.]

Neither of Defendant's variance arguments has merit. The Government's evidence is that the offense charged occurred on an overnight flight from Phoenix to Chicago on March 27 and 28, 2016. The fact that the witnesses were confused about the date of the flight is something the Court can consider in determining whether the Government met its burden of proof. Defendant's argument that the evidence at trial shows the offense took place on March 31, 2016, however, does not hold water.

The violation notice and the attached probable cause statement set out the facts of what the Government alleges happened on a flight from Phoenix to Chicago on which Defendant, Ms. Dunn, and her boyfriend, Mr. Demos, were passengers. The weight of the evidence shows that the flight boarded on Sunday, March 27, and continued into the morning of Monday, March 28, as the violation notice and the probable cause statement say.

Ms. Dunn testified that she boarded the plane on a Sunday night in March, and she got the calendar date wrong. She was not equivocal as to the day of the week on which the flight took place, saying, "It was a Sunday night." Transcript of Bench Trial ("Transcript"), at 19:3-6. She was equivocal as to the calendar date on which the flight occurred: "The 31st, I believe." *Id.*

7

at 19:1-2. The Court can and will take judicial notice under Federal Rule of Evidence 201 that March 27, 2016 was a Sunday and that March 31, 2016 was a Thursday.[2]

Ms. Dunn also testified on direct examination that she arrived at the airport with Mr. Demos around 11:00 pm, and that the flight took off around midnight. *Id.* at 19:7-15. On cross-examination, Ms. Dunn stated, consistent with her earlier testimony, that the flight was a red-eye that took off around 12:00 a.m. or 1:00 a.m. *Id.* at 33:16-19. So Ms. Dunn's testimony can be interpreted to be that she boarded a flight from Phoenix to Chicago on Sunday, March 27, 2016, late at night and that the flight took off around midnight or 1:00 a.m. on March 28, 2016.

Ms. Dunn was understandably nervous when she testified at trial. She was facing Defendant who she contended assaulted her for the first time after the alleged assault. Her trip to and from Phoenix was the first time she had been on an airplane. *Id.* at 27:22. She seems to have gotten the day of the week right, but not the calendar date.

Mr. Demos was less clear about when the flight took off. He testified that the flight took place between March 29 and March 31, *id.* at 38:3-4, and said he thought it left on a Thursday, *id.* at 38:5-6 ("I would say a Thursday."). Considering the content of their testimony and their demeanor in court while testifying, the Court finds Ms. Dunn's testimony as to the day on which the flight occurred to be more credible. Ms. Dunn was sure of the day of the week she boarded the plane; Mr. Demos was equivocal as to both the day of the week and the calendar date. Aside from the conflicting testimony as to the date and day of the flight, Mr. Demos's testimony corroborated Ms. Dunn's testimony.

---

[2] Both Ms. Dunn and Mr. Demos unambiguously stated that the flight took place in March. The testimony also clearly established that the flight from Phoenix to Chicago occurred during the last week of March. No witness gave testimony that could be interpreted as indicating that the flight occurred on a Sunday in March before March 27. And the Sunday after March 27 was April 3, and no witness's testimony implied that could be the date of the flight either.

As previously noted, Defendant concedes that the actual date on which the alleged offense occurred is not a formal element of the offense charged.

There was no *material* variance between the date charged in the violation notice and the date of the alleged offense proven at trial. The witnesses' failures of memory as to the exact date of the flight are not material. In addition, Defendant is *not prejudiced* by the confusion as to the date the flight took off. Courts have held that variances between a charge and the proof at trial—and the Court is not finding such a variance even exists in this case—are immaterial unless the defendant is prejudiced. *Berger v. United States*, 295 U.S. 78, 82 (1935); *United States v. Ratliff-White*, 493 F.3d 812, 820 (7th Cir. 2007). Here, Defendant does not identify what prejudice he suffered except for saying that he was prevented from preparing a defense as to where he was on March 31, 2016. But the weight of the evidence and the facts that have been judicially-noticed establish beyond a reasonable doubt that the flight took off on March 27 or early on March 28, meaning that an "alibi" as to Defendant's whereabouts on March 31 would be irrelevant. For these reasons, the Court finds that there was no *material* variance between the date charged in the violation notice and the date of the offense that was proven at trial.

D.

Turning to the sufficiency of the evidence, the Court finds that the Government proved *beyond a reasonable doubt* that Defendant committed the offense of simple assault on Ms. Dunn on a red-eye, overnight flight from Phoenix to Chicago that departed either on Sunday, March 27, 2016, or in the early morning hours of the following day, March 28, as charged.

Ms. Dunn was a credible, believable witness. She described waking up and opening her eyes to see and feel Defendant's hand "halfway down [her] pants." Transcript, at 24:2-6, 24:9-15. She also saw Defendant's coat draped "[h]alfway" over her body, shielding Defendant's

9

hand from view. *Id.* at 24:22-25:7. She testified that when she looked at Defendant after waking up with his hand down her pants, "he looked scared." *Id.* at 26:2-6. Then, she said, he immediately jumped up and ran away from her to the front of the plane. *Id.* at 26:2-6, 35:1-3. She also got up and "bolted" to the back of the plane where Mr. Demos was seated. *Id.* at 24:5-6. She immediately reported what happened to both her boyfriend and a flight attendant. *Id.* at 39:13-16, 41:9-13.

Ms. Dunn identified Defendant in the courtroom as her assailant. *Id.* at 22:19-23.

The evidence establishes an intentional threatening gesture—an assault—and an intentional offensive touching—a battery—that is within the definition of simple assault under § 113(a)(5). In fact, as Judge Posner said in *Watts*, groping a woman—a sexually offensive but non-violent act—is a "common example" of the kind of offensive touching that constitutes battery. *Watts*, 798 F.3d at 652.

With respect to physical contact or touching, Ms. Dunn testified that she woke up because she felt something. She also testified that, when she woke up, she felt and saw Defendant's hand down her pants.

With respect to intent, Ms. Dunn testified that Defendant's hand was-half-way down her pants, and that his jacket was draped over her with his hand underneath it. She also testified that, when she woke up and looked at him, he immediately jumped up and ran away. This is sufficient to show that Defendant acted knowingly and intentionally, and not through ignorance, mistake, or accident.

The Seventh Circuit Criminal Pattern Jury Instruction 4.06 concerning "knowingly" says that the phrase "the defendant knew" means "the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident."

Knowledge can be inferred from all of the facts and circumstances. In addition, evidence of conduct to cover up or conceal one's actions, such as Defendant's draping of his coat over Ms. Dunn's body, is circumstantial evidence of consciousness of guilty or guilty itself. *See United States v. Webber*, 536 F.3d 584, 598 (7th Cir. 2008); *United States v. Skoczen*, 405 F.3d 537, 548 (7th Cir. 2005).

Defendant argues in his post-trial briefs that he must be acquitted because the Government said it would prove that Defendant touched Ms. Dunn with the intent to cause fear and harm and that it did not prove that. The court of appeals in *United States v. Bayes* addressed and rejected this kind of an argument. The court held that, at common law, "an assault committed by way of a battery did not require an intent to cause or threaten an injury as long as the defendant touched another in a deliberately offensive manner without a valid reason to do so. *Bayes*, 210 F.3d at 69. The court surveyed decisions construing § 113(a)(5) and concluded that "the decisions support the conclusion that, in a prosecution for simple assault under § 113(a)(5), it is sufficient to show that the defendant deliberately touched another in a patently offensive manner without justification or excuse." *Id.* That is what the evidence establishes here. The fact that the Government undertook a higher burden of proof in explaining what the law requires does not change what the law requires.

Defendant put on no evidence. His post-trial argument is that Ms. Dunn must have been confused about what happened because the flight was her first time on an airplane and she consumed some alcohol beforehand. There is no evidence that the fact that this was Ms. Dunn's first flight impaired her sensory abilities or had any other impact that would undermine her testimony. It is true that Ms. Dunn had some alcohol before boarding the flight: she testified to drinking one margarita, one beer, and a little shot of beer while Mr. Demos said that she had "a

11

wine" and tasted one beer. Transcript, at 19:19-21, 38:11-15. But she also testified that she drinks alcohol fairly frequently, "once every two weeks," and that she was not feeling the effects of alcohol when she boarded the plane. *Id.* at 20:8-10. Ms. Dunn also explained that she had these drinks over the span of half-an-hour and finished the last one at least one hour before the incident on the plane. *Id.* 20:2-5. There is no evidence that rebuts this credible testimony and indicates that Ms. Dunn was drunk or confused. Ms. Dunn's testimony was clear about what she saw and felt on the plane from Phoenix to Chicago, indicating that she had enough control of her faculties to clearly perceive and remember the event in question. Mr. Demos corroborated her testimony, further showing that she accurately perceived and remembered what happened. His confusion as to the date of the flight does not otherwise detract from her testimony. There was no contrary testimony.

The unrebutted testimony of Ms. Dunn and Mr. Demos establishes *beyond a reasonable doubt* that Defendant committed the offense of simple assault in violation of 18 U.S.C. § 113(a)(5). Defendant intentionally put his hand down Ms. Dunn's pants. That is an intentional threatening gesture—an assault. In addition, the assault was completed with an intentional offensive touching, which constitutes a battery. Therefore, the Court finds that Defendant violated 18 U.S.C. § 113(a)(5) by committing simple assault on Ms. Dunn as proscribed by that statute as interpreted by the Seventh Circuit in *United States v. Watts* and by courts in other circuits.

E.

For the reasons stated above, the Court denies Defendant's motions to dismiss the indictment, for a judgment of acquittal, and for a finding of not guilty. [ECF Nos. 5, 6]. The Court finds Defendant guilty of violating 18 U.S.C. § 113(a)(5). Dates for pre-sentencing submissions and sentencing were set in a prior order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: October 28, 2016